UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-60169-ALTMAN

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

KATRINA BROWN,

    *Defendant*.

_____/

FILED BY_____D.C.

DEC 21 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and KATRINA BROWN ("Defendant") enter into the following agreement:

1. Defendant agrees to plead guilty to Counts 1 and 2 of the Indictment, which charge Defendant with Wire Fraud in violation of Title 18, United States Code, Section 1343. This Office agrees to dismiss Count 3 of the Indictment.

2. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing

guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that Defendant may not withdraw the plea solely because of the sentence imposed.

3.  Defendant also understands and acknowledges that the Court may, for each count, impose a statutory maximum term of imprisonment of up to 20 years followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

4.  Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 2 and 3 of this agreement, the Court will impose a special assessment of $200. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to

pay the special assessment, Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by 2 levels the sentencing-guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional 1-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if Defendant: (1)

fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. Defendant agrees to pay $43,985, plus any outstanding interest, in restitution for the fraudulently obtained PPP loans alleged in the Indictment.

8. The parties agree to jointly recommend probation in lieu of a term of incarceration.

9. Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that Defendant may not withdraw his plea based upon the Court's decision not to

accept a sentencing recommendation made by Defendant, this Office, or a recommendation made jointly by Defendant and this Office.

10. Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to and/or obtained directly or indirectly, as a result of such offense, pursuant to 18 U.S.C §§ 981(a)(1)(C) and 982(a)(2).

11. Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to

5

all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of his right to appeal his sentence.

14. Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute to which Defendant is pleading guilty is unconstitutional, and/or (2) the admitted conduct does not fall within the scope of the statute of conviction.

15. By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney. Defendant further agrees, together with this Office, to request that the Court enter a specific finding that Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

16. This is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

DATE: 11/30/2023     BY: _____
                         TREVOR C. JONES
                         ASSISTANT UNITED STATES ATTORNEY

DATE: 12/21/2023     BY: _____
                         KRISTI KASSEBAUM
                         COUNSEL FOR DEFENDANT

DATE: 12/21/2023     BY: _____
                         KATRINA BROWN
                         DEFENDANT

7